# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOMINICQUE CHENEE McCARGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-723-SLP |
| ) | |
| DeLYNN FUDGE et al., ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

Plaintiff Dominicque Chenee McCargo filed this 42 U.S.C. § 1983 suit against the former executive director and current/former members of the Oklahoma Pardon and Parole Board ("OPPB"). *See* Compl., Doc. No. 1. Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation [Doc. No. 5] after screening Plaintiff's Complaint as required by 28 U.S.C. § 1915A. Judge Jones recommended that (i) Plaintiff's federal claims regarding due process and equal protection rights, asserted via 42 U.S.C. § 1983, be dismissed for failing to state claims upon which relief may be granted and (ii) the Court decline to exercise supplemental jurisdiction over Plaintiff's claims based in state law. *See* R&R, Doc. No. 5. Plaintiff thereafter filed an Objection [Doc. No. 6] to the R&R, in which he reasserted those arguments and allegations included in his Complaint and addressed in the R&R. *Compare* Compl., Doc. No. 1, *with* Obj., Doc. No. 6.

The Court reviews de novo those portions of the R&R to which Plaintiff made specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Plaintiff asserts

the Judge Jones misinterpreted Plaintiff's arguments because Oklahoma's parole laws "mandate[] that certain procedures and provisions be carried out [and the procedures required by the law are] not discretionary" based on the use of "shall" in Okla. Stat. tit. 57, § 332.7. Obj. 5, Doc. No. 9. The Court disagrees. As indicated by Judge Jones, the Tenth Circuit has rejected the same arguments pressed by Plaintiff. *See, e.g.*, *Clark v. Fallin*, 654 F. App'x 385, 388 (10th Cir. 2016) (unpublished) (rejecting Oklahoma prisoner's challenge to the denial of parole "as well as the process by which" he was denied parole on grounds no liberty interest in parole exists under Oklahoma law); *Jackson v. Standifird*, 503 F. App'x 623, 625 (10th Cir. 2012) (unpublished) (indicating that because Oklahoma prisoner had no liberty interest in parole, he could not make a claim for a denial of procedural or substantive due process). Having reviewed Plaintiff's Objection to the R&R de novo, the Court concurs with Judge Jones's analysis in the R&R, and the Court adopts the same. None of the arguments made by Plaintiff in the Objection and none of the authorities cited therein indicate that Judge Jones's analysis and recommended disposition of this case are incorrect in any way.[1]

IT IS THEREFORE ORDERED that Judge Jones's Report and Recommendation [Doc. No. 5] is ADOPTED by the Court and Plaintiff's Objection thereto [Doc. No. 6] is OVERRULED.

---

[1] Plaintiff relies on a 1997 order by then-Judge Virgil Black of the District Court of Oklahoma County for the proposition that "the statutory intent and language [of certain legislative bills] created a state[']s liberty interest for inmates committed prior to July 1, 1998." Obj. 6, Doc. No. 9. The Court notes that Judge Black's order does not support such proposition and, even if it did, this Court would still be required to apply Tenth Circuit precedent as indicated herein and in the R&R. *See* Doc. No. 6-3.

2

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims are DISMISSED WITH PREJUDICE and Plaintiff's claims based in state law are DISMISSED WITHOUT PREJUDICE because the Court declines to exercise supplemental jurisdiction over them now that all federal claims in this action have been dismissed. *See* 28 U.S.C. § 1367(c)(3). A separate judgment will be entered contemporaneous herewith.

IT IS SO ORDERED this 1st day of November, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE